UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BARBARA JONES,

*Plaintiff-Appellant,*

v.

DEPARTMENT OF LABOR,
LICENSING AND REGULATION,

*Defendant-Appellee.*

No. 01-1723

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CA-99-996-FNS)

Submitted: October 19, 2001

Decided: January 16, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Paul F. Evelius, WRIGHT, CONSTABLE & SKEEN, L.L.P., Baltimore, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General, Philip H. Lohrey, Jr., Assistant Attorney General, Julie Ellen Squire, Assistant Attorney General, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Barbara Jones appeals the grant of summary judgment to her employer, dismissing her claim of deprivation of rights secured by the Rehabilitation Act, 29 U.S.C.A. §§ 701-796 (West 1999 & Supp. 2001). We affirm.

Jones sued her employer, the Department of Labor, Licensing and Regulation (DLLR), seeking redress for deprivation of rights secured by the ADA and Rehabilitation Act. Jones, a DLLR employee since 1984, suffers from narcolepsy, which causes occasional uncontrollable sleep attacks ranging from two to ten minutes in duration. The district court granted DLLR's motion for summary judgment. Jones appealed the district court's dismissal of her claim under the Rehabilitation Act.*

We review the award of summary judgment de novo. *Higgins v. E. I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255.

To establish a prima facie case of disability discrimination, Jones must show she: (1) has a disability; (2) was otherwise qualified for the job; and (3) was discharged or experienced an adverse employment action because of the disability. *Halperin v. Abacus Tech. Corp.*,

---

*Jones does not appeal the district court's order granting summary judgment to DLLR dismissing her claimed ADA violations.

128 F.3d 191, 197 (4th Cir. 1997). A disability is defined as either: (1) a physical or mental impairment that substantially limits a major life activity; (2) a record of such an impairment; or (3) the employer's belief that the employee has such an impairment. 29 U.S.C. § 705(20)(B). Because Jones is not disabled and has not experienced adverse employment action, her claim of disability discrimination in violation of the Rehabilitation Act fails.

To establish a claim of hostile work environment, Jones must show: (1) she is a qualified individual with a disability; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer. *Fox v. General Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001). In determining whether a hostile environment claim exists, we look to the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Jones cannot maintain a cause of action based on hostile work environment because she is not disabled within the meaning of the Rehabilitation Act. Moreover, the totality of the circumstances shows an absence of sufficiently severe or pervasive harassment. Additionally, DLLR had a legitimate business justification to inquire whether Jones had a medical condition causing her to sleep on the job. *See Kennedy v. Superior Printing Co.*, 215 F.3d 650, 656 (6th Cir. 2000). Thus, Jones' claim of harassment fails. We further reject Jones' argument that DLLR failed to provide a reasonable accommodation.

Accordingly, we affirm the district court's order granting summary judgment to DLLR on Jones' claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*